THE PEOPLE v. QUEVEDO.

APPEAL from the District Court of Aguadilla.

No. 153.—Decided February 8, 1909.

EMBEZZLEMENT—FIDUCIARY RELATION.—To constitute the offense of embezzlement it is necessary that the complaint should clearly set out the existence of a fiduciary relation between the accused and the prosecutor.

NULLITY OF JUDGMENT—WHEN CHARGED WITH ONE CRIME AND CONVICTED OF ANOTHER.—When the accused is charged with the commission of one crime and convicted of another, the judgment is null and must be reversed.

The facts are stated in the opinion.

Appellant did not appear.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant was charged in the municipal court of Aguadilla with false representation and cheating. On appeal to the District Court of Aguadilla that court found him guilty of embezzlement (*abuso de confianza*) and sentenced him to six months in jail. The defendant appealed. Embezzlement is the subject matter of Chapter VI of the Penal Code. False representation and cheats (*falsa representación é impostura*) is the subject matter of Chapter VIII of that Code. The facts charged in the complaint show no fiduciary relation between the accused and the prosecuting witness and the crime of embezzlement is not shown. (See the case of *People of Porto Rico* v. *Randolfo Quevedo*, No. 152, *ante*, p. —.) Opinion of this court of same date.

The appellant was charged with one crime and convicted of another. The judgment is a nullity and the case must be reversed.

*Reversed.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.